IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
|       Plaintiff, | ) Case No. 4:21-cv-00051 |
| v. | ) |
| LAFEVRE CONSTRUCTION, LLC, and JAMES E. LAFEVRE, AS EXECUTOR OF THE ESTATE OF JAMES H. LAFEVRE, | ) |
|       Defendants. | ) |

## COMPLAINT TO FORECLOSE ON REAL PROPERTY

This civil action is commenced at the request and with the authorization of the Chief Counsel of the Internal Revenue Service (a delegate of the Secretary of the Treasury) and at the direction of the Attorney General of the United States pursuant to 26 U.S.C. §§ 7401 and 7403. The United States files this complaint to foreclose federal tax liens that attach to LaFevre Construction, LLC's real property. The tax liens arose from federal tax assessments against James H. LaFevre dated as early as 2000. In 2003, James H. LaFevre transferred the Real Property to LaFevre Construction, LLC through a quitclaim deed in exchange for ten dollars. The federal tax liens conveyed with such transfer and continue to attach.

In the alternative, the United States asserts that LaFevre Construction, LLC is the nominee of James H. LaFevre and/or that he fraudulently transferred the property to LaFevre Construction, LLC and requests that the Court foreclose on the federal tax liens and judgment lien and use the proceeds to satisfy his outstanding tax debts that have now been reduced to a judgment entered by the U.S. District Court for the Northern District of Indiana.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court pursuant to 26 U.S.C. §§ 7402 and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the Defendant LaFevre Construction, LLC has its principal place of business in this district and because the real property subject to foreclosure is located within this district in Coffee County, Tennessee.

## PARTIES

3. The Plaintiff is the United States of America.

4. Defendant LaFevre Construction, LLC is the nominee of James H. LaFevre. It has a principal office located at 187 Jeremy LaFevre Lane, Manchester, Tennessee 37355. LaFevre Construction, LLC is included in this suit pursuant to 26 U.S.C. § 7403(b) because it is the record title holder of the real property subject to foreclosure.

5. Defendant James E. LaFevre, as executor of the Estate of James H. LaFevre, is included in this suit pursuant to 26 U.S.C. § 7403(b) because the Estate may claim an interest in the real property subject to foreclosure.

## REAL PROPERTY

6. The real property (the "**Real Property**") subject to the requested foreclosure is a parcel of nearly 100 acres in Coffee County, Tennessee and is more particularly described in the description on the next page:

[*Remainder of Page Left Intentionally Blank*]

**Description of Property:**

Being Tract Number One (1) of the Subdivision of property devised by the joint Last Will and Testament of J.H. Cobb and wife, Lena Cobb, both deceased, to the Trustees of the Church of Christ of Manchester, Tennessee, according to a plat of said subdivision of record in Trust Deed Book 76, page 379, Register's Office of Coffee County, Tennessee, to which recorded plat of said subdivision reference is made for said Tract Number One (1), the same containing 100.25 acres, more or less, and being more particularly described according to said plat record as follows: Beginning at a corner of a fence in the West margin of the old New Union Road; running thence South 02 degrees West, 620.2 feet with the West margin of said road; thence continuing with the West margin of said road South 01 degree 30 minutes East, 859.5 feet to a stake in the West margin of said old New Union Road, this being also the Southeast corner of Tract Number One (I); thence in a Westerly direction 3308 feet to a point, this being the Southwest corner of Tract Number One(]); running thence North 00 degrees 15 minutes East, 607.80 feet to a stone; thence North 87 degrees 30 minutes East, 248 feet to a point in the center of Duck River; running thence with the center of said Duck River the following courses and distances: North 76 degrees 30 minutes East, 132 feet, North 57 degrees 30 minutes East, 132 feet; thence North 60 degrees East, 198 feet; North 65 degrees East, 495 feet, North 29 degrees East, 82.5 feet, North 70 degrees East, 66 feet, North 17 degrees, East, 330 feet, North 76 degrees East, 561 feet, South 68 degrees East, 148.5 feet, South 30 degrees East, 297 feet to a point in the center of said river; thence South 28 degrees East, passing over the south bank of Duck River and continuing on a total of 363 feet to a point; thence running North 83 degrees East, I023 feet to the point of beginning and containing 100.25 acres, more or less.

Exclusion No. I: Being in the First (1st) Civil District of Coffee County, State of Tennessee, and being a portion of parcel Number One (1) above, and being a portion of Tract Number One (1) of the subdivision of the property devised by the joint Last Will and Testament of J.H. Cobb and wife, Lena Cobb, both deceased, to the Trustees of the Church of Christ at Manchester, Tennessee, a plat of which subdivision is recorded in Trust Deed Book 76, page 371, Register[1]s Office of Coffee County, Tennessee, and said portion is more particularly described as follows: Beginning at a point in the center of Duck River at the Southwest corner of Tract Number One (1) of the aforesaid subdivision; thence North 00 degrees 15 minutes East, 607.80 feet to a stone; thence North 87 degrees 30 minutes East, 248 feet to a point in said river; thence in a Southwesterly direction along the center of said river to the point of beginning and containing 1.5 acres, more or less.

Exclusion No.2: Being in the First (1st) Civil District of Coffee County, State of Tennessee, and being a portion of Parcel Number One (I) above, and being a strip of land 25 feet in width conveyed to Coffee County, Tennessee, for right of way purposes by a deed recorded in Deed Book 104, page 132, Register's Office of Coffee County, Tennessee.

Being the same property conveyed from Larry D. Banks and wife, Sue Banks to James H. Lefevre by Warranty Deed of record in Deed Book 287, page 948, Register's Office of Coffee County, Tennessee.

## **RELEVANT FACTUAL BACKGROUND**

7. A delegate of the Secretary of the Treasury made assessments against James H. LaFevre, d/b/a Applied Computer Techniques, for tax liabilities associated with withheld income and Federal Insurance Contributions Act ("**FICA**") taxes, as well as the employer's portion of the FICA, reportable on Internal Revenue Service Form 941, and unemployment taxes reportable on

Internal Revenue Service Form 940, on the dates, for the tax period and tax type, and in the amounts set forth in the table below:

| Tax Period | Type of Tax | Date of Assessment | Amount of Assessment |
|---|---|---|---|
| 06/30/1994 | WT – FICA (Form 941) | 07/24/2000 | $6,348.87 |
| 09/30/1994 | WT – FICA (Form 941) | 07/24/2000 | $13,787.14 |
| 12/31/1994 | WT – FICA (Form 941) | 07/24/2000 | $14,727.07 |
| 03/31/1995 | WT – FICA (Form 941) | 07/24/2000 | $13,009.74 |
| 06/30/1995 | WT – FICA (Form 941) | 07/24/2000 | $16,267.35 |
| 09/30/1995 | WT – FICA (Form 941) | 07/24/2000 | $29,254.67 |
| 12/31/1995 | WT – FICA (Form 941) | 07/24/2000 | $20,247.55 |
| 03/31/1996 | WT – FICA (Form 941) | 07/10/2000 | $31,365.43 |
| 06/30/1996 | WT – FICA (Form 941) | 07/10/2000 | $31,278.53 |
| 09/30/1996 | WT – FICA (Form 941) | 04/30/2007 | $48,992.39 |
| 12/31/1996 | WT – FICA (Form 941) | 07/10/2000 | $55,479.89 |
| 03/31/1997 | WT – FICA (Form 941) | 07/03/2000 | $49,604.63 |
| 06/30/1997 | WT – FICA (Form 941) | 07/03/2000 | $52,135.81 |
| 09/30/1997 | WT – FICA (Form 941) | 07/03/2000 | $63,121.95 |
| 12/31/1997 | WT – FICA (Form 941) | 07/03/2000 | $73,152.76 |
| 03/31/1998 | WT – FICA (Form 941) | 07/03/2000 | $63,484.55 |
| 06/30/1998 | WT – FICA (Form 941) | 07/03/2000 | $63,595.95 |
| 09/30/1998 | WT – FICA (Form 941) | 07/03/2000 | $81,137.28 |
| 12/31/1998 | WT – FICA (Form 941) | 07/03/2000 | $75,432.57 |
| 12/31/1994 | FUTA (Form 940) | 07/03/2000 | $2,170.00 |

| 12/31/1995 | FUTA (Form 940) | 07/03/2000 | $3,472.15 |
| 12/31/1996 | FUTA (Form 940) | 07/03/2000 | $9,609.30 |
| 12/31/1997 | FUTA (Form 940) | 07/03/2000<br>4/29/2002 | $10,713.18<br>$2,199.77 |
| 12/31/1998 | FUTA (Form 940) | 07/03/2000<br>04/29/2002 | $2,015.71<br>$13,606.01 |

8. Federal tax liens attached to all property interests of James H. LaFevre on the date of the tax assessments identified in paragraph 7 above pursuant to 26 U.S.C. § 6322.

9. A Delegate of the Secretary of the Treasury issued notice of these assessments and demanded payment from James H. LaFevre.

10. James H. LaFevre died testate on January 11, 2013. A probate estate has opened in the Porter County Probate Court in Indiana (Cause No. 64D02-1302-ES-1254). However, the Real Property subject to foreclosure in the instant action is not included in the decedent's Estate because a nominee (LaFevre Construction, LLC) holds title to the Real Property.

11. The Executor of the Estate of James H. LaFevre objected to the United States' proof of claim in the probate case, which resulted in litigation in the United States District Court for the Northern District of Indiana, Case No. 2:14-CV-285-TLS.

12. On October 24, 2019, the United States District Court for the Northern District of Indiana entered judgment against the Estate of James H. LaFevre for the decedent's federal tax assessments described in paragraph 7 above plus interest and penalties, and in favor of the United States in the amount of $3,423,621.48 as of September 30, 2017, plus statutory additions and interest until satisfied (the "**Tax Judgment**"). *See United States v. Estate of LaFevre,* 2019 U.S. Dist. LEXIS 183779, Case No. 2:14-CV-285-TLS (N.D. Ind. Oct. 24, 2019). A copy of the Tax

Judgment is attached hereto as Exhibit A. A judgment lien was subsequently filed in Coffee County, Tennessee and recorded on December 23, 2019.

13. As of September 15, 2020, the balance of the Tax Judgment is $3,942,837.00, and interest and statutory additions continue to accrue on that amount.

14. The Estate of James H. LaFevre has failed, neglected, or refused to fully pay the full amount of the Tax Judgment.

## COUNT I: FORECLOSURE OF FEDERAL TAX LIENS

15. The allegations set forth in paragraphs 1 through 14 are re-alleged and re-incorporated by reference as though fully set forth herein.

16. On May 24, 2002, James H. LaFevre obtained title to the Real Property from Larry and Sue Banks through a warranty deed. Once James H. LaFevre obtained title to the Real Property, federal tax liens that rose upon assessment on the dates identified above in paragraph 7 attached to the Real Property pursuant to 26 U.S.C. § 6322. A copy of the warranty deed is attached hereto as Exhibit B.

17. On November 7, 2003, James H. LaFevre transferred the Real Property to LaFevre Construction, LLC through a quitclaim deed in exchange for ten dollars. The federal tax liens conveyed with such transfer and continue to attach pursuant to 26 U.S.C. § 6322. A copy of the quitclaim deed is attached hereto as Exhibit C.

18. Under 26 U.S.C. §§ 6321 and 6322, and 26 U.S.C. §§ 7402 and 7403, the United States is entitled to foreclose its federal tax liens encumbering LaFevre Construction, LLC's interest in the Real Property and to have the proceeds distributed, after payment of the costs of sale and any senior liens, to the United States and applied against the tax liabilities and/or the Tax Judgment.

# COUNT II: IN THE ALTERNATIVE, TO ENFORCE FEDERAL TAX LIENS AND JUDGMENT LIEN AGAINST THE PROPERTY HELD BY <u>JAMES H. LAFEVRE'S NOMINEE</u>

19. The allegations set forth in paragraphs 1 through 18 are re-alleged and re-incorporated by reference as though fully set forth herein.

20. James H. LaFevre owned the Real Property and continued to be the beneficial owner after he transferred the Real Property to LaFevre Construction, LLC since he retained a membership interest in LaFevre Construction, LLC.

21. According to Tennessee business records, James H. LaFevre created LaFevre Construction, LLC on the same day that the transfer of Real Property was made via quitclaim deed, November 7, 2003.

22. James H. LaFevre and his son James E. LaFevre were the only members and organizers of LaFevre Construction, LLC.

23. James H. LaFevre transferred the Real Property to LaFevre Construction, LLC for ten dollars, which was less than its reasonably equivalent value and was very little consideration given the size of the nearly 100-acre Real Property. Upon current information and belief, the fair market value of the Real Property is between $500,000 and $1 million.

24. James H. LaFevre transferred the Real Property to LaFevre Construction, LLC after he was assessed with tax liabilities by the Internal Revenue Service.

25. Due to the Internal Revenue Service's assessments against James H. LaFevre, James H. LaFevre believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due.

26. LaFevre Construction, LLC was created by James H. LaFevre to shield the Real Property from his personal creditors, including the United States.

27. Upon information and belief, the conveyance was made for tax avoidance purposes.

28. LaFevre Construction, LLC was the nominee of James H. LaFevre.

29. The Internal Revenue Service recorded a nominee lien against LaFevre Construction, LLC by filing a nominee lien in the Register of Deeds for Coffee County, Tennessee in Manchester, Tennessee, on January 22, 2020. A copy of the nominee lien is attached hereto as Exhibit D.

30. Under 26 U.S.C. §§ 6321 and 6322, and 26 U.S.C. §§ 7402 and 7403, the United States is entitled to foreclose its federal tax liens and judgment lien encumbering LaFevre Construction, LLC's interest in the Real Property since it is holding title to the land as the nominee of James H. LaFevre, and to sell the Real Property free and clear of all rights, titles, claims, liens, and interests of the parties, and to have the proceeds distributed, after payment of the costs of sale and any senior liens, to the United States and applied against the tax liabilities and/or Tax Judgment.

**COUNT III: IN THE ALTERNATIVE, TO SET ASIDE THE FRAUDULENT CONVEYANCE OF REAL PROPERTY AND TO ENFORCE THE FEDERAL TAX LIENS AND JUDGMENT LIEN**

31. The allegations set forth in paragraphs 1 through 30 are re-alleged and re-incorporated by reference as though fully set forth herein.

32. James H. LaFevre transferred the Real Property to LaFevre Construction, LLC to hinder, delay, or defraud his creditors, including the United States, on behalf of its agency the Internal Revenue Service, for the reasons set forth above and below.

33. James H. LaFevre transferred the Real Property to LaFevre Construction, LLC, which is considered an insider.

34. James H. LaFevre retained control of the Real Property after he transferred the Real Property to LaFevre Construction, LLC.

35. James H. LaFevre did not receive reasonably equivalent value in exchange for the transfer of the Real Property to LaFevre Construction, LLC. Upon current information and belief, the fair market value of the Real Property is between $500,000 and $1 million and the property was transferred for ten dollars.

36. James H. LaFevre was insolvent when he made the transfer because he was generally not paying his tax debts to the Internal Revenue Service as they became due.

37. The transfer of the Real Property to LaFevre Construction, LLC is fraudulent as to the United States and should be set aside.

38. Under 26 U.S.C. §§ 6321 and 6322, and 26 U.S.C. §§ 7402 and 7403, the United States is entitled set aside the transfer of the Real Property and foreclose its federal tax liens and judgment lien by selling the Real Property free and clear of all rights, titles, claims, liens, and interests of the parties, and to have the proceeds distributed, after payment of the costs of sale and any senior liens, to the United States and applied against the tax liabilities and/or Tax Judgment.

## RELIEF REQUESTED

**WHEREFORE**, the United States of America respectfully prays:

A. That the Court order, adjudge, and decree that the United States of America holds valid and subsisting federal tax liens on the Real Property;

B. If necessary, that the Court order, adjudge, and decree that LaFevre Construction, LLC holds title to the Real Property as nominee of James H. LaFevre and that the federal tax liens and judgment lien still attach;

C. If necessary, that the Court order, adjudge, and decree that James H. LaFevre's transfer of his interest in the Real Property constituted a fraudulent conveyance, is therefore voided, and that the federal tax liens and judgment lien still attach;

D. That the Court order, adjudge, and decree that the federal tax liens or judgment lien be foreclosed;

E. That the Court order, adjudge, and decree the distribution of the proceeds of such sale according to priority of liens and interests; and

F. That the Court award the United States of America such further relief, including the costs of this action, which the Court finds to be just and proper.

DATED: December 27, 2021

DAVID A. HUBBERT
Deputy Assistant Attorney General

By: /s/ *Alexander Kalyniuk*
ALEXANDER R. KALYNIUK
Trial Attorney
U.S. Department of Justice, Tax Division
P.O. Box 227, Ben Franklin Station
Washington, D.C. 20044
202-616-3309 (telephone)
202-514-6866 (fax)
Alexander.R.Kalyniuk@usdoj.gov (email)
*Counsel for the United States of America*